**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DANIEL TIMM, on behalf of himself and all others similarly situated,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. ____________** |
| **SAM PACK'S FIVE STAR FORD, LTD. d/b/a SAM PACK AUTO GROUP,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant SAM PACK'S FIVE STAR FORD, LTD. d/b/a SAM PACK AUTO GROUP ("Defendant") files this Notice of Removal, to effect removal of this action from the 101st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, which is the district court of the United States for the district and division embracing the place where the State Action (defined herein) is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support hereof, Defendant respectfully shows the Court as follows:

1. On August 27, 2026, Daniel Timm, on behalf of himself and all others similarly situated, ("Plaintiff") commenced an action in the 101st Judicial District Court of Dallas County, Texas, styled *Daniel Timm, on behalf of himself and all others similarly situated v. Sam Pack's Five Star Ford, Ltd. d/b/a Sam Pack Auto Group*, Cause No. DC-26-16797 (the "State Action"), by filing Plaintiff's Class Action Petition (the "Petition").

2. The State Action arises from a cybersecurity incident in which Plaintiff alleges that a criminal ransomware group publicly alleged that it had accessed Defendant's computer systems

on August 17, 2026. Plaintiff asserts claims of negligence, breach of implied contract, unjust enrichment, breach of fiduciary duty and invasion of privacy and seeks compensatory, statutory, and exemplary damages in addition to restitution, declaratory and injunctive relief, attorneys' fees, and pre- and post- judgment interest.

3. The State Action is brought as a class action under Texas Rule of Civil Procedure 42. It is brought on behalf of a putative nationwide class identified as "thousands" of "individuals residing in the United States whose Private Information was compromised in the Data Breach experienced by Sam Pack in August 2026, including all those individuals who received notice of the Data Breach."

4. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332(d), and it is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1453(b). Because the State Action is a putative class action removed under the Class Action Fairness Act of 2005 (CAFA), removal is proper under 28 U.S.C. § 1453(b) without regard to whether any defendant is a citizen of the state in which the State Action was brought, and the forum-defendant limitation of 28 U.S.C. § 1441(b)(2) does not apply.

5. The Dallas County District Clerk issued citation on September 10, 2026. Defendant was served with the citation and the Petition through its registered agent on September 17, 2026.

6. Removal is timely because this Notice of Removal is filed within thirty (30) days after Defendant was served with the Citation and the Petition. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7. CAFA vests the U.S. District Courts with original jurisdiction over any civil action that is: (a) a class action, (b) in which the aggregate class is 100 members or more, (c) in which any member of the class of plaintiffs is a citizen of a State different from any defendant, and (d)

in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d)(2), (d)(6). All such requirements are satisfied here.

8. Minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges he is a citizen of Texas. Defendant is a Texas limited partnership; for purposes of 28 U.S.C. § 1332(d), an unincorporated association is deemed a citizen of the state where it has its principal place of business and the state under whose laws it is organized. Defendant's principal place of business is in Texas and Defendant is organized under the laws of the State of Texas. Because the putative class is defined to include all individuals residing in the United States whose private information was compromised, the class necessarily includes members who are citizens of states other than the State of Texas. At least one member of the putative class is therefore a citizen of a state different from Defendant, satisfying the minimal-diversity requirement.

9. The putative class satisfies CAFA's numerosity requirement. Plaintiff alleges the class is "so numerous that joinder of all class members is impracticable", that it "includes at least hundreds of members," and that "thousands of Class Members had their most sensitive personal information accessed, exfiltrated, and stolen." The number of members of the proposed class therefore exceeds 100. 28 U.S.C. § 1332(d)(5)(B).

10. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d)(6). Plaintiff affirmatively pleads that "Plaintiff and the class seek monetary relief over $1,000,000" pursuant to Rule 47 Tex. R. Civ. Proc. When considering the aggregated claims of thousands of alleged class members, it is facially apparent that the State Action places well over $5,000,000 in controversy. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The putative class consists of thousands of members whose names, dates of birth, Social Security numbers, driver's license numbers, and financial information were allegedly compromised, and Plaintiff seeks, on behalf of each class member, compensatory, statutory, and exemplary damages, restitution, and attorneys' fees, together with injunctive relief requiring Defendant to adopt and maintain enhanced data-security measures. The aggregated value of these claims – including the cost of the injunctive relief sought and attorneys' fees – readily exceeds $5,000,000.00. Plaintiff's TRCP 47 statement that he "and the class seek monetary relief over $1,000,000" does not limit the amount in controversy for CAFA purposes, which requires aggregation of all class members' claims and is not capped by a named plaintiff's state-law damages statement. 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013).

11. In accordance with Local Rule 81.1, Defendant files concurrently herewith the following documents:

<u>Exhibit "1"</u>: Index of all documents filed in the State Action (identifying each document and its state-court filing date);

<u>Exhibit "2"</u>: the Docket Sheet in the State Action;

<u>Exhibit "3"</u>: Class Action Petition (filed August 27, 2026);

<u>Exhibit "4"</u>: Plaintiff's Jury Demand (filed September 1, 2026);

<u>Exhibit "5"</u>: Return of Service (filed September 18, 2026);

<u>Exhibit "6"</u>: Notice of Dismissal for Want of Prosecution (filed September 18, 2026).

<u>Exhibit "7"</u>: a completed Civil Cover Sheet;

<u>Exhibit "8"</u>: a completed Supplemental Civil Cover Sheet;

Exhibit "9": a Certificate of Interested Persons pursuant to Local Rules 3.1(c) and 3.2(e);

In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the 101st Judicial District Court of Dallas County, Texas.

WHEREFORE, Defendant Sam Pack's Five Star Ford, Ltd. d/b/a Sam Pack Auto Group respectfully gives notice that the State Court Action, Cause No. DC-26-16797, pending in the 101st Judicial District Court of Dallas County, Texas, is hereby removed to the United States District Court for the Northern District of Texas, Dallas Division, and requests that this Court assume jurisdiction over this action and that the State Action proceed no further unless and until the case is remanded.

Respectfully submitted,

By: *_/s/ Derek D. Rollins_*
Derek D. Rollins
State Bar No. 24029803
Joseph M. Marcus
State Bar No. 24108033

Shackelford, McKinley & Norton, LLP
9201 N. Central Expressway, 4th Floor
Dallas, Texas 75231
Telephone: 214.780.1400
Facsimile: 214.780.1401
drollins@shackelford.law
jmarcus@shackelford.law

ATTORNEYS FOR DEFENDANT, SAM PACK'S FIVE STAR FORD, LTD. d/b/a SAM PACK AUTO GROUP

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 12, 2026, a true and correct copy of the foregoing Defendant's Notice of Removal has been served via the U.S. District Court's ECF system on the following counsel for Plaintiff:

Camile Alvarez
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Ave. Suite 1610
Chicago, IL 60611
calvarez@straussborrelli.com
ATTORNEY FOR PLAINTIFF
AND PROPOSED CLASS

*/s/ Derek D. Rollins*
Derek D. Rollins